UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sedieka McClam, ) | Civil No.: 4:13-cv-02394-RBH |
| ) | Cr No.: 4:12-cr-00058-RBH-1 |
| v. ) | |
| ) | **ORDER** |
| United States of America ) | |
| ) | |
| _____ ) | |

This matter is before the court on Petitioner Sedieka McClam's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 74).

**Background and Procedural Posture**

On January 24, 2012, Petitioner was charged in Count One of a three count indictment with possession with intent to distribute a quantity of marijuana and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and (b)(1)(D) and in Count Three with using and carrying a firearm during and in relation to and possessing a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code § 924(c)(1)(A).[1] Petitioner entered a plea of guilty to Counts One and Three of the indictment on July 10, 2012. On November 6, 2012, the court sentenced petitioner as a career offender to 262 months imprisonment. A direct appeal was filed. On June 11, 2013, the Fourth Circuit Court of Appeals affirmed the conviction and sentence. The mandate was filed on July 3, 2013.

---

[1] Count Two charged Petitioner with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e).

1

Petitioner returns to this court by way of petition filed September 3, 2013 (based on date of delivery to prison mail room) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In his petition, he alleges ineffective assistance of counsel in failing to move to withdraw the guilty plea on the basis that Petitioner "was only aware that he was being held accountable for the marijuana offense." (ECF No. 74-1, p.3) He further alleges that his attorney was ineffective at sentencing in failing to challenge the career offender designation on the basis that his 1999 South Carolina conviction did not qualify as a controlled substance offense, resulted in a suspended sentence, and never exposed him to imprisonment in excess of one year. Trial counsel, James Rogers, filed an affidavit on September 25, 2013. The government filed a Motion for Summary Judgment and response to the petition on November 4, 2013. A *Roseboro* Order was entered on November 5, 2013 and mailed to the petitioner. On December 10, 2013, Petitioner filed a response in opposition to the motion for summary judgment.

On April 22, 2014, Petitioner filed a Motion to Amend his petition (ECF No. 98). In the motion to amend, Petitioner seeks to amend his petition to assert on the basis of *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013) that his prior 1999 South Carolina drug conviction does not qualify as a "controlled substance offense" for enhancement purposes under the career offender guideline provision. The Court ordered the government to respond to the motion to amend, and a response in opposition was filed on May 8, 2014. Petitioner filed a reply to the response on May 29, 2014.

**Motion to Amend**

Section 2255 provides a one-year statute of limitations which applies to the filing of

Section 2255 petitions, commencing on the date that the judgment of conviction becomes final. *See* Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(1). The mandate from Petitioner's direct appeal was issued on July 3, 2013. The motion to amend was filed on April 22, 2014.[2] Therefore, the petitioner's motion to amend was timely under the AEDPA.

"Rule 12 of the Rules Governing Section 2255 Proceedings states, 'If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules. . . and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate.' The Rules Governing Section 2255 do not specify a procedure for amending petitions. Therefore, courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion." *United States v. Pittman*, 209 F.3d 314, 316-317 (4th Cir. 2000).

Pursuant to Fed. R. Civ. P. 15(a), a party must obtain leave of court to amend a pleading where the opposing party has served a responsive pleading. "Under Rule 15(a) leave to amend should be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *Pittman*, 209 F.3d at 317.

The motion to amend was made after the respondent had responded with the motion for summary judgment and supporting memorandum and affidavit. In addition, the grounds which Petitioner attempts to assert in his motion to amend were available to the petitioner at the time

---

[2] The record does not indicate whether Petitioner filed a petition for writ of certiorari with the United States Supreme Court.

he filed his initial petition. *Descamps* was decided on June 20, 2013, before the petition in this case was filed. The Court concludes that granting the motion to amend would unduly prejudice the respondent.

Additionally, even if no prejudice existed, the amendment would be futile. First, McClam waived his right to file a Section 2255 petition, except on the basis of ineffective assistance of counsel or prosecutorial misconduct, in his plea agreement. (ECF No. 43) The Court questioned McClam during the Rule 11 colloquy concerning his decision to waive his rights under Section 2255. (Plea Tr. p. 65) McClam asserts in his Reply (ECF No. 105) that he is alleging ineffective assistance of counsel in failing to make an argument at sentencing on the basis of *Descamps*.[3] However, the sentencing hearing occurred before the decision in *Descamps* was issued. Counsel is not generally found to be ineffective for failing to anticipate a change in the law. *See Honeycutt v. Mahoney*, 698 F.2d 213, 217 (4th Cir. 1983); *Moss v. Ballard*, 537 Fed. Appx. 191, 195 (4th Cir. 2013).

Also, "[t]he writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted) For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised

---

[3] The opinion in *Descamps* was issued after the Fourth Circuit issued its opinion on the petitioner's direct appeal but before the mandate was issued. However, he makes no allegation of ineffective assistance of appellate counsel in failing to raise an argument regarding *Descamps*. As discussed hereinbelow, such an argument would have lacked merit.

4

on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255."). Here, to the extent that Petitioner attempts to challenge his classification as a career offender, this could have been asserted on appeal through the filing of a petition for rehearing.[4]

In addition, even if the claim is considered to be cognizable under the reasoning of the Fourth Circuit panel decision of *Whiteside v. United States*, __ F.3d __, 2014 WL 1364019 (4th Cir. 2014)(petition for rehearing en banc granted July 10, 2014, which vacates the original opinion), McClam would not be entitled to relief under the holding of *Descamps*.

McClam argues that his prior conviction for possession of cocaine with intent to distribute should not have counted as a "controlled substance offense" for purposes of the career offender provision of the sentencing guidelines because South Carolina's controlled substances statute, S.C. Code Ann. § 44-53-370, sweeps more broadly than the generic definition of "controlled substance offense." He contends that the South

---

[4] Pursuant to Fed. R. App. P. 40(a), unless the time is shortened or extended by order or local rule, a petition for panel rehearing may be filed within 14 days after entry of judgment. Here, the opinion was issued on June 11, 2013; thus, the petition for rehearing would have been due on June 25, 2013, which was five days after *Descamps* was decided on June 20, 2013.

5

Carolina statute punishes "possession" and "distribution" within a single "indivisible" set of elements and that his prior conviction was for possession of cocaine. He further asserts that the modified categorical approach cannot be used in determining whether a conviction under the South Carolina statute is a predicate conviction for purposes of the career offender guideline because the statute was indivisible. He concludes that his prior offense therefore was categorically not a controlled substance offense for purposes of the career offender enhancement.

Under *Descamps*, to determine whether a past conviction is a predicate conviction for purposes of the Armed Career Criminal Act, courts use a "categorical approach," comparing the elements of the statute providing the basis of the defendant's prior conviction with the elements of the generic crime. *Descamps*, 133 S.Ct. at 2281. When a prior conviction is for violating a "divisible" statute, one which sets out one or more elements of the offense in the alternative, the court may use a "modified categorical" approach. *Id*. The modified approach is a mechanism for courts to use to determine which statutory phrase applies when a statute lists multiple, alternative elements, effectively creating more than one crime. *Id*. at 2285. Under this approach, the court may consult a limited class of documents, such as indictments, to determine which alternative formed the basis for the defendant's prior conviction. *Id*. at 2281. However, statutes containing "a single, 'indivisible' set of elements sweeping more broadly than the

corresponding generic offense" are not subject to analysis under the modified categorical approach in determining whether they can be considered predicate convictions for purposes of the Armed Career Criminal Act. *Id*. at 2283.

A defendant is considered a career offender under the Guidelines if he was at least eighteen (18) years old at the time he committed the instant offense; the instant offense is either a crime of violence or a controlled substance offense; and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).[5] The term "controlled substance offense" as defined in § 4B1.2(b) means "an offense under federal or state law,. . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." McClam was indicted under S.C. Code § 44-53-375(B), Possession with Intent to Distribute Crack Cocaine. He pled guilty to Possession with Intent to Distribute Cocaine, in violation of S.C. Code § 44-53-370(b)(1). A conviction under § 44-53-370(b) is categorically a "controlled substance offense". In order to be found guilty of a violation of Section 44-53-370(b), a defendant must "manufacture,

---

[5] The ACCA defines "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. Section 924(e)(2)(A(ii). The Fourth Circuit has applied precedents evaluating Section 924(e) of ACCA to cases dealing with Guideline Section 4B1.2 because of the similar language. *See United States v. Jenkins*, 631 F.3d 680, 683 (4th Cir. 2011); *United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013); *United States v. Norman*, 462 Fed. Appx. 307, 309 (4th Cir. 2012).

distribute, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance or a controlled substance analogue" or do the same with a counterfeit substance. S.C. Code Ann. § 44-53-370(a). Nothing in § 44-53-370(a) or (b) permits a defendant to be convicted for violation of this particular subsection for simple possession of cocaine. Simple possession is prohibited by a different subsection, § 44-53-370(c)("It shall be unlawful for any person knowingly or intentionally to possess a controlled substance . . . .").

Again, McClam pled guilty to "PWID Cocaine."[6] He did not plead to possession of cocaine. As this crime squarely falls within the definition of "controlled substance offense" found in U.S.S.G. § 4B1.2(b)[7], the Court properly counted McClam's conviction

---

[6] The Court notes that it is entitled to rely on the information contained in the presentence report in determining Petitioner's sentence. *See, e.g.*, *United States v. Redd*, 372 Fed. App'x 413, 416 (4th Cir. 2010) ("[A] sentencing court is entitled to rely on the 'conclusive significance' of the record as set out in the presentence report."); *United States v. Thompson*, 421 F.3d 278. 285 (4th Cir. 2005) (noting that the PSR "bears the earmarks of derivation from *Shepard*-approved sources such as the indictment and state-court judgments from [prior] convictions"); *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) ("Without an affirmative showing the information is inaccurate, the court is 'free to adopt the findings of the [PSR] without more specific inquiry or explanation.'"). Petitioner did not object to the information contained in the PSR. Additionally, the court notes that both the petitioner and the respondent have attached the sentencing sheet to their filings in this action and the sentencing sheet shows that the petitioner was sentenced to "PWID Cocaine". *See* ECF No. 103-2 and ECF No. 105-1.

[7] *See United States v. Oneil*, 542 Fed. App. 225, 226-227 (4th Cir. 2013)(holding that a prior conviction for possession with intent to distribute cocaine, in violation of South Carolina law, was a predicate "felony drug offense." *See also*, *United States v. Hampton*, 2012 WL 3686085 at *4 (D.S.C. April 24, 2012)(holding that the defendant's prior conviction for possession with intent to distribute "crack" cocaine "contained the required elements of a 'serious drug offense' under ACCA "because it involved 'possessing with intent to . . . distribute

8

as a predicate controlled substance conviction for sentencing purposes, and there was no violation of the holding of *Descamps*. Therefore, allowing the petitioner to amend his petition on the basis of ineffective assistance of counsel relating to *Descamps* would be futile.[8]

For the above reasons, the motion to amend is denied.

**Legal Standard**

In order to prevail on a motion under Section 2255, a petitioner must show one of the following: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The court may decide a Section 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). After studying the parties' positions as set out in their respective submissions,

---

a controlled substance." The court also mentioned a prior conviction for distribution of cocaine which the defendant did not challenge as a predicate offense and stated: "This offense contained, as an element, distribution of a controlled substance. The maximum term of imprisonment for this offense was –and is– a valid predicate offense for Defendant's designation as an Armed Career Offender."

[8] Petitioner also asserts that "under South Carolina law it is possible to be in possession of drugs, without necessarily having intent to distribute due to South Carolina's permissive presumption." He appears to be referring to subsection (d)(4) of S.C.Code Section 44-53-370, which creates an evidentiary presumption of intent to distribute based on possession of a certain amount of a drug. However, here, the petitioner was not convicted of *possession* of cocaine but rather *possession with intent to distribute* cocaine.

9

the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be denied for the reasons set out in this order.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. To obtain relief based on ineffective assistance of counsel, Petitioner must show (1) that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and this Court must be highly deferential in scrutinizing counsel's performance. *Id.* at 688-89.

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690.

To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 688-89. "Reasonable probability" is probability sufficient to undermine confidence in the outcome. *Jeffers v. Leeke*, 835 F.2d 522, 525 (4th Cir. 1987). In the context of a guilty plea, the prejudice prong is satisfied where there "is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The first inquiry--whether counsel's performance was deficient -- may be by-passed if the claim is more easily disposed on the ground of lack of prejudice.  *Strickland* at 697.

Construing petitioner's motion liberally, the court finds his claim of ineffective assistance of counsel to be without merit.  Therefore, he cannot show that he was prejudiced by his counsel's performance.

He contends that his counsel was ineffective in failing to move to withdraw his guilty plea on the basis that Petitioner "was only aware that he was being held accountable for the marijuana offense."  (ECF No. 74-1, p.3) He further alleges that his attorney was ineffective at sentencing in failing to challenge the career offender designation on the basis that his prior South Carolina conviction did not qualify as a controlled substance offense, resulted in a suspended sentence, and never exposed him to imprisonment in excess of one year.

11

**Failure by Counsel to Move to Withdraw Guilty Plea**

As a first ground, Petitioner asserts that his attorney told him that he was only facing a maximum statutory penalty of five years on Count 1 of his indictment as he was only pleading to possession with intent to distribute marijuana. However, McClam was indicted for possession with intent to distribute both marijuana and cocaine in Count 1 of his indictment. The penalty sheet attached to the indictment lists the penalty as 0-20 years. In McClam's plea agreement the penalty for Count 1 is listed as 0-20 years. In his petition, Mr. McClam admits that the court advised him that the penalty for Count 1 was up to 20 years. On direct appeal, the Fourth Circuit found that the district court complied with all requirements of Rule 11 during the plea. See *United States v. McClam*, 532 Fed. Appx. (4th Cir. 2013). Petitioner's assertion is also directly contradicted by the affidavit of his defense attorney, James Rogers, of the Federal Public Defender's Office. This argument clearly lacks merit.

**Failure of Counsel to Object to Career Offender Status**

McClam also argues that he received ineffective assistance of counsel at sentencing because his lawyer failed to object to United States Probation's determination that he was a career offender. However, Petitioner was correctly determined to be a career offender. Therefore, counsel was not ineffective for failing to challenge his status as a career offender.

***Failure of Counsel to Assert that Predicate Conviction was Possession of Cocaine and was not a Controlled Substance Offense.*** In his petition Petitioner admits that he was indicted in state court for possession with intent to distribute crack cocaine but claims that he pled to **possession** of powder cocaine. He is incorrect. In fact, he pled to **possession with intent to distribute** powder cocaine. *See* ECF No. 103-2 and Presentence Report ¶ 27. As discussed above, in order to be found guilty of a violation of Section 44-53-370(b), a defendant must "manufacture, distribute, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance or a controlled substance analogue" or do the same with a counterfeit substance. S.C. Code Ann. § 44-53-370(a). The term "controlled substance offense" as defined in § 4B1.2(b) means "an offense under federal or state law,. . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." The offense of possession with intent to distribute cocaine under South Carolina law is clearly a controlled substance offense as defined in the guidelines and counsel was not ineffective for failing to assert that the predicate conviction was not a controlled substance offense.

***Failure of Counsel to Assert that State Conviction for Possession with Intent to***

***Distribute Cocaine did not Count as a Predicate Offense because Sentence was Suspended.*** McClam asserts that "sentence of imprisonment" as defined by U.S.S.G. § 4A1.2(b)(2) refers only to the part of the sentence that was not suspended. He contends that his South Carolina state sentence was 10 years, suspended on service of two months on weekends, and two years probation and that the conviction therefore does not count as a predicate conviction for career offender purposes because U.S.S.G. § 4A1.2(b)(2) provides that the phrase "sentence of imprisonment" refers only to the portion of the sentence that was not suspended and his entire sentence was suspended.[9] However, his argument lacks merit. Petitioner had two prior felony convictions of controlled substance offenses as required by § 4B1.1(a). Therefore, the guidelines mandated that his criminal history category was Category VI and counsel was not ineffective in this regard.

***Failure of Counsel to Argue that the Predicate Offense was not a Felony Conviction because McClam was sentenced to Two Years' Probation for the Offense.*** As discussed hereinabove, the Guidelines define "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year. . ." § 4B1.2. Here, the South Carolina crime of possession with intent to distribute cocaine first offense carried a possible sentence of fifteen years (S.C. Code § 44-53-370(b)(1).

---

[9] The presentence report indicates that a probation violation warrant was issued for McClam and that his probation was revoked. He received a two-year sentence when his probation was revoked. Therefore, the PSR properly added 3 points to his criminal history for this conviction. *See United States v. Dixon*, 230 F.3d 109 (4th Cir. 2000), citing Guideline § 4A1.2(k)(1). *See also*, Application Note 11.

14

Therefore, the crime was properly classified as a "controlled substance offense" where it was "punishable" by imprisonment for a term exceeding one year, and counsel was not ineffective for failing to make this argument.

On the basis of the above, Petitioner has failed to show any deficient performance on the part of his attorney and therefore his claim of ineffective assistance of counsel cannot be sustained.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

Having thoroughly reviewed the entire record and the applicable law, the Court

15

finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 88] is **GRANTED**, Petitioner's [Doc. # 98] Motion to Amend is **DENIED,** and Petitioner's Motion to Vacate [Doc. # 74] is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

November 24, 2014                                  s/R. Bryan Harwell
Florence, South Carolina                           R. Bryan Harwell
                                                   United States District Judge